NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JERRY ALVIN EDGEMON, *Appellant.*

No. 1 CA-CR 25-0385

FILED 07-15-2026

Appeal from the Superior Court in Yavapai County
No. S1300CR202400367
The Honorable Krista M. Carman, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Law Office of Carissa A. Jakobe, PLLC, Phoenix
By Carissa A. Jakobe
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge D. Andrew Gaona delivered the decision of the Court, in which Presiding Judge David B. Gass[1] and Judge Anni Hill Foster joined.

---

**G A O N A**, Judge:

¶1            Jerry Alvin Edgemon appeals his convictions and sentences for two counts of aggravated driving under the influence and one count of leaving the scene of an accident. Edgemon's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that after searching the record, she found no arguable question of law. Counsel asks this Court to review the record for fundamental error. Edgemon had the opportunity to file a supplemental brief but didn't. After reviewing the record, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2            In December 2022, a witness observed Edgemon driving erratically. After Edgemon struck the witness's vehicle and left the scene, the witness followed him and called 911. Edgemon later crashed into a concrete barrier.

¶3            Prescott Police Department officers responding to the scene observed Edgemon's slurred speech, exaggerated movements, lack of coordination, "watery, bloodshot eyes," and the odor of alcohol. Edgemon admitted drinking alcohol that day, acknowledged he didn't have a driver's license, and refused field sobriety testing.

¶4            After arresting Edgemon, officers obtained a search warrant and collected a blood sample. Testing showed Edgemon's blood alcohol

---

[1] Judge David B. Gass was a sitting member of this court when the matter was assigned to this panel of the court. He retired effective June 30, 2026. In accordance with the authority granted by Article 6, Section 3, of the Arizona Constitution, and under A.R.S. § 12-145, the Chief Justice of the Arizona Supreme Court has designated Judge David B. Gass as a judge pro tempore in the Court of Appeals for the purpose of participating in the resolution of cases assigned to this panel during his term in office and for the duration of Administrative Order 2026-87.

concentration ("BAC") was .272 at the time of collection. A retrograde analysis estimated Edgemon's BAC within two hours of driving was between .274 and .278. *See* A.R.S. § 28-1831(A)(2).

**¶5**        The State charged Edgemon with two counts (counts 1 and 2) of aggravated driving while under the influence with a suspended, canceled, or revoked license (class 4 felonies), A.R.S. §§ 28-1381(A)(1)–(2), -1383(A)(1), (O)(1), and one count (count 3) of leaving the scene of an accident (a class 1 misdemeanor), A.R.S. § 28-663(A)(1)–(2), (C).

**¶6**        At trial, the State presented testimony from a responding officer, the investigating detective, a forensic scientist, and a DMV records custodian. Edgemon wasn't present for trial. The jury found him guilty on all three counts.

**¶7**        After trial, Edgemon was arrested in California and returned to Arizona on a nationwide warrant. The superior court held a hearing on the voluntariness of his absence from trial and before sentencing. *See, e.g.*, *State v. Brearcliffe*, 254 Ariz. 579 (2023); *State v. McNulty*, 260 Ariz. 251 (App. 2025). The court found Edgemon voluntarily absented himself between trial and sentencing, but only for 84 days. *See* A.R.S. § 13-4033(C).

**¶8**        At sentencing, the court found two statutory aggravators—Edgemon was previously convicted of a felony within 10 years of the offense, A.R.S. § 13-701(D)(11), and he violated A.R.S. §§ 28-661, -662, or -663 during or immediately following the offense, A.R.S. § 13-701(D)(23). The court categorized Edgemon as a category 3 repetitive offender and sentenced him to concurrent 12-year prison terms on counts 1 and 2 (the "maximum" sentence under A.R.S. § 13-703(J)), and to 117 days on count 3. The court also credited Edgemon with 117 days of presentence incarceration on all counts.

**¶9**        Edgemon timely appealed. We have jurisdiction under Article 6, Section 9 of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, -4033(A)(1).

## DISCUSSION

**¶10**        We review Edgemon's convictions and sentences for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512 ¶ 12 (App. 2011). Counsel identified the State's closing argument as a potential issue but concluded it didn't present a non-frivolous claim. We reviewed the entire record and find no reversible error. *See Leon*, 104 Ariz. at 300.

¶11 We first address the State's closing argument. "Prosecutors are afforded wide latitude in presenting their closing arguments to the jury." *State v. Vargas*, 251 Ariz. 157, 174 ¶ 55 (App. 2021) (cleaned up). And even if any remark could be viewed as improper, the superior court instructed the jury that counsel's arguments weren't evidence, curing any potential issue. *Id.* at 176 ¶ 63; *see State v. Prince*, 204 Ariz. 156, 158 ¶ 9 (2003) (we presume jurors follow instructions).

¶12 Next, the record also shows the superior court properly proceeded in Edgemon's absence. Edgemon knew the trial date, was warned of the consequences of failing to appear, and didn't demonstrate his absence at trial was involuntary. *See* Ariz. R. Crim. P. 9.1; *State v. Reed*, 196 Ariz. 37, 38–39 ¶ 3 (App. 1999); *State v. Sainz*, 186 Ariz. 470, 473 (App. 1996).

¶13 The superior court did, however, err by concluding that the jury inherently found the A.R.S. § 13-701(D)(23) aggravator when it found Edgemon guilty on count 3. That aggravator applies if, "[d]uring or immediately following the commission of the offense, the defendant committed a violation of § 28-661, 28-662 or 28-663." A.R.S. § 13-701(D)(23). Although the jury found Edgemon guilty of aggravated DUIs and leaving the scene of an accident, *see* A.R.S. §§ 28-662, -663, it never found beyond a reasonable doubt that he left the scene *during or immediately following* the aggravated DUI offenses. Because that fact increased Edgemon's sentencing exposure, the Sixth Amendment required the jury—not the court—to make that finding (unless waived). *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."); *State v. Martinez*, 210 Ariz. 578, 583 ¶ 17 (under Arizona law, the "statutory maximum" referenced in *Apprendi* in a case in which no aggravated factors are proven is the presumptive range for purposes of A.R.S. § 13-703(H)–(J)).

¶14 Edgemon didn't raise this issue at trial, meaning we review for fundamental, prejudicial error. *State v. Henderson*, 210 Ariz. 561, 567 ¶ 19 (2005). Even assuming fundamental error, Edgemon cannot establish prejudice. An *Apprendi* error is prejudicial only if a reasonable jury, applying the appropriate standard of proof (here: the beyond-a-reasonable-doubt standard), could have failed to find the (D)(23) aggravator. *See id.*, at 568–69 ¶¶ 26–28. No reasonable jury could have found that Edgemon's violation of A.R.S. §§ 28-661, -662, or -663 did not occur during or immediately following the aggravated DUIs. The evidence established a single, uninterrupted sequence: Edgemon drove under the influence

without a license, struck the witness's parked vehicle, sped off, and the witness followed him until he crashed and law enforcement arrived. Edgemon never disputed that sequence of events, and no reasonable jury could find otherwise.

¶15 Because Edgemon can't show prejudice from the superior court finding the (D)(23) aggravator, our inquiry ends there. *See id.*, at 568–69 ¶¶ 26–27; *State v. Cleere*, 213 Ariz. 54, 58 ¶ 11 (App. 2006) (only once a defendant shows "that a reasonable jury, applying the appropriate standard of proof, could have reached a different result in finding an aggravator" do we "*then* consider whether at least one aggravator not subject to such a conclusion remains to support the aggravated sentence imposed by the trial court.") (emphasis added) (cleaned up).

¶16 That aside, the superior court properly found a separate aggravator supporting Edgemon's maximum concurrent 12-year sentences for his class 4 aggravated DUI convictions. *See* A.R.S. § 13-703(J), (K). The court found Edgemon had three historical prior felony convictions and was a category 3 repetitive offender for sentencing purposes. *See State v. Keith*, 211 Ariz. 436, 437 ¶ 3 (App. 2005) ("*Apprendi* expressly exempts prior convictions from the requirement of a jury trial."); A.R.S. § 13-703(C). And Edgemon stipulated those convictions occurred on separate occasions (two of which he was convicted of within the last 10 years, A.R.S. § 13-701(D)(11)) and waived his right to a jury determination. *See Erlinger v. United States*, 602 U.S. 821, 834–35 (2024). The (D)(11) aggravator alone thus supported the maximum sentence. A.R.S. § 13-701(C); *see also State v. Bonfiglio*, 228 Ariz. 349, 354–55 ¶¶ 21–22 (App. 2011) (as amended), *aff'd*, 231 Ariz. 371 (2013) ("trial court may use prior convictions to both enhance and aggravate a sentence").

¶17 The record otherwise reflects that counsel represented Edgemon at all critical stages of the proceedings and that he was afforded his constitutional and statutory rights. The proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure, sufficient evidence supported the jury's verdicts, and the superior court imposed lawful sentences, with sufficient credit given for presentence incarceration. *See* A.R.S. §§ 28-1381(A)(1)–(2), -1383(A)(1), (O)(1), 13-703(J). Our review thus reveals no fundamental error.

## CONCLUSION

¶18 We affirm Edgemon's convictions and sentences. Counsel's obligations in this appeal will end once she informs Edgemon of the

outcome of this appeal and his future options, unless counsel identifies an issue appropriate for review by the Arizona Supreme Court. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On our own motion, Edgemon may file a pro se motion for reconsideration or petition for review, if he desires, within 30 days of this decision. *See* Ariz. R. Crim. P. 31.20(c), 31.21(b)(2)(A).



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**: JR